UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| EDITH ST.JEAN, <br><br> Plaintiff, <br><br> vs. <br><br> COHEN & SLAMOWITZ, LLP <br><br> Defendant, | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

EDITH ST. JEAN ("Plaintiff"), through the undersigned counsel, DANIEL P. HARTSTEIN, alleges the following against COHEN & SLAMOWITZ, LLP, ("Defendant"):

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Edith St. Jean, an individual consumer, against Defendant, Cohen & Slamowitz, LLP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiff, Edith St. Jean, is a natural person with a permanent residence in Burlington, Burlington County, New Jersey 08016.

4. Upon information and belief the Defendant, Cohen & Slamowitz, LLP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 199 Crossways Park Drive, Woodbury, Nassau County, New York 11797. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on or before November 4, 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We are going to garnish your check."

9. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10. Defendant is a debt collection company and as a debt collection company attempting to collection on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action that will result in garnishment.

11. The representations made to Plaintiff by Defendant regarding garnishment were false.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact third parties and discussed the debt with them.

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "I don't care if you live in the street."

14. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt she allegedly owed.

15. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

16. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

<u>CLAIM FOR RELIEF</u>

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated §1692b(2) of the FDCPA by telling a third party that Plaintiff owes an alleged debt; and

    (b) Defendant violated §1692c(b) of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and without the contact being in a manner covered by §1692b of the FDCPA; and

    (c) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (e) Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (f) Defendant violated §1692e(4) of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

    (g) Defendant violated §1692e(5) of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (h) Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (i) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

19.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Edith St. Jean, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, COHEN & SLAMOWITZ, LLP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Edith St. Jean, demands trial by jury in this action.

This 9th day of December, 2011.

                                                                    */s/ Daniel P. Hartstein*
                                                                    Daniel P. Hartstein
                                                                    LibertyView
                                                                    457 Haddonfield Rd., Suite 310
                                                                    Cherry Hill, NJ 08002
                                                                    (856) 910-8900
                                                                    danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com